UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTINE F. O'GRADY,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

            v.

                                              12CV118S

                                                **Order**

NIAGARA COUNTY,

                Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 18, referral Order of Oct. 23, 2012). The instant matter before the Court is defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 10[1]). Responses to this motion were due by June 15, 2012, with any reply due by June 25, 2012, with oral argument to be scheduled as necessary (Docket No. 11). Upon referral of this matter, this Court initially determined that this motion was submitted on the papers and no oral argument was necessary (Docket No. 19).

---

[1] In support of this motion, defendant submits its attorney's affidavit (with exhibits), Memorandum, the affidavit of Kathleen Cavagnaro, R.N., with exhibits, the affidavit of Timothy Sexton, with exhibits, Docket No. 10; its Reply, with certificate of service, Docket Nos. 15, 16.
    In opposition, plaintiff filed what she called a "Motion" to reject defendant's motion, Docket No. 12. This "motion" was deemed by this Court to be a response and not a motion, Docket No. 19. She also submitted her Declaration, Docket No. 13; her Memorandum, Docket No. 14; and her Reply Declaration, Docket No. 17.

**BACKGROUND**

This is a pro se Americans with Disabilities Act action, pursuant to 42 U.S.C. § 12132 (hereinafter "ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (hereinafter "Rehab Act"), and Olmstead v. L.C., 527 U.S. 581 (1999) (Docket No. 6, "Ammended Complaint" [sic]; see also Docket No. 1, Compl.) against Niagara County[2]. Plaintiff is seeking "necessary community based services to maintain her in the most integrated setting within the community, and avoid institutionalization" (Docket No. 6, Am. Compl. at 1). Plaintiff is a 64 year-old disabled person with multiple physical and emotional disabilities (id. at 2; see also Docket No. 5, Pl. Appl. for Attorney ¶ 4). According to her initial Complaint (Docket No. 1, ¶ 9), plaintiff sought three pieces of adaptive equipment, a 60-inch wide bariatric hospital bed, a lift chair, and a bariatric commode without handles, due to surgeries on her shoulders (see Docket No. 6, Am. Compl. ¶¶ 5, 7). At the time of her shoulder replacement surgery, in September 2010, plaintiff received 33 hours per week of aide services (id. ¶ 7). Following that surgery, she was prescribed a shoulder immobilizer which she found made it difficult for her to rise from her bed without minimal assistance (id., at page 5). Unable to obtain an aide, plaintiff removed the immobilizer and then her new artificial joint had slipped out of joint and is permanently dislocated (id., at page 6). Prior to this surgery, plaintiff had received visits from Visiting Nurse Association, which plaintiff claims is a contract agency for Niagara County (id. ¶ 8), but defendant argues is an independent home health care agency and not an arm

---

[2]Plaintiff also has pending in this Court a separate action against New York State officials and others regarding denial of her rights under these acts by those defendants, O'Grady v. Cuomo, et al., No. 12CV217. Some of the defendants in that action recently were given until November 9, 2012, to answer, id., Docket No. 11; cf. id., Docket No. 7, Answer of Venture Forthe, Inc.; Docket No. 12, Ans. of Governor Cuomo.

or agency of the county (Docket No. 10, Cavagnaro Aff. at 2 n.1). On September 26, 2010, plaintiff contacted the Certified Home Healthcare Agency of the Niagara County Department of Public Health, but that agency offered home health care for only two-hour increments (Docket No. 6, Am. Compl. ¶ 8). Plaintiff was denied this request as well as a later request for a home aide for occupational therapy (id.), culminating with a letter from the Niagara County Attorney's office (id., Ex. A) denying her application. Citing New York State Department of Health regulation § 763.5 and federal Medicare Conditions of Participation, 42 C.F.R. § 405.1223, the Niagara County Attorney stated that patients for home health care can only be accepted if the "patient's health and supportive needs can be met safely and adequately at home," (id., quoting N.Y.S.D.O.H. Reg. § 763.5); see also 42 C.F.R. § 405.1223 (patients are accepted for treatment "on the basis of a reasonable expectation that the patient's medical, nursing and social needs can be met adequately by the agency in the patient's place of residence"). Plaintiff contends that Niagara County knew that she regained her home aide from another source, belying the county's contention that such aid could not be provided (id. Am. Compl, ¶ 8, at page 7). Plaintiff claims that Niagara County Department of Public Health continued to "boycott" her and refused all her requests for services, and this boycott allegedly caused plaintiff to worsen her symptoms of post-traumatic stress disorder (id. at page 8). Plaintiff seeks $500,000 (payable to her special needs trust) for her pain and suffering as a result of this denial (id. at 9). Plaintiff attached with her Amended Complaint the denial letter she received from the Niagara County attorney's office and a letter from a service coordinator on her behalf noting their dealings with Niagara County (id., Ex. A).

Plaintiff was granted leave to proceed in forma pauperis (Docket No. 4; see also Docket No. 2, motion seeking leave), dismissing claims against individual defendants originally named in this action (Docket No. 4, Order). Plaintiff also moved for appointment of counsel (Docket No. 5) but this motion was denied without prejudice (Docket No. 19).

*Defendant's Motion to Dismiss*

Defendant argues that plaintiff is not a "qualified individual" under either the ADA or the Rehab Act (Docket No. 10, Def. Memo. at ). Defendant attaches the affidavits of Kathleen Cavagnaro and Timothy Sexton with exhibits on plaintiff's contacts with Niagara County Department of Health, the agency within Niagara County that processed plaintiff's application for assistance (Docket No. 10, Cavagnaro Aff.; Sexton Aff.). Cavagnaro explained that the regulations of the Department of Health stated that it could "accept only home care patients whose health and safety needs can be met," that a referral was required (Docket No. 10, Cavagnaro Aff. ¶ 7). Cavagnaro concluded that "home based treatment for [plaintiff] was inappropriate and unsafe, and could not be reasonably accommodated given [Department of Health's] limited resources and ample need for its services by other recipients," (id. ¶ 32). Sexton notes that plaintiff's doctor never submitted a request for durable medical equipment for the three adaptive equipment that plaintiff now seeks (Docket No. 10, Sexton Decl. ¶¶ 16-17).

Plaintiff vehemently disputes the facts asserted by defendant (Docket No. 17, Pl. Reply Decl. ¶ 1 (calling form submitted by defense is "about 90% lies and fabrication"). Plaintiff contends her pleadings allege that defendant "has consistently failed to provide numerous community supports needed to maintain [her] in [her] most integrated setting" (Docket No. 14, Pl. Response at 2). She lists the failure of the county home care unit to respond to her request;

4

the failure of the home health care agency to provide medical services without lawful justification; the failure of Niagara County Department of Social Services to provide information about obtaining durable medical equipment; the failure of the Department of Public Health to provide needed visiting nurse services, including the failure to complete a requisite form (id.); and the continued failure of the county to accept her calls (id. at 12-13). Plaintiff then denies that Cavagnaro made an assessment of plaintiff (id. at 3-7) and denies the relevance of Sexton's Declaration (id. at 7-12). Plaintiff argues the Olmstead v. L.C., 527 U.S. 581 (1999), stands for the proposition that undue institutionalization qualifies as discrimination by reason of disability, also relying upon United States Department of Justice technical assistance on Olmstead and the ADA it furnished in 2009 (id. at 13-14).

Defendant replies that, since plaintiff was not under the Department of Health's care, it was not obliged to provide the supports she now claims were not furnished (Docket No. 15, Cavagnaro Reply Aff. ¶ 2). Defendant continues to deny that it received a referral to provide aides, medical services and or nursing services to plaintiff and, if she had submitted a referral, the county was not required to accept them (id. ¶ 3).

In her reply, plaintiff alleges that she made referrals (e.g., Docket No. 17, Pl. Reply Decl. ¶ 5).

## DISCUSSION

I. Standards

    A.    Motion to Dismiss Standard

Defendant has moved to dismiss the Amended Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil

5

Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). Also

6

included are documents the Court deems to be "integral" to the Complaint in deciding a motion to dismiss, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (Docket No. 5, Def. Memo. at 8). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

Here, plaintiff has amended the Complaint prior to the filing of this motion. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading," 4 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1476 (3d ed. 2012) (footnotes omitted).

Under Rule 12(d), if a Rule 12(b)(6) motion is filed with matters outside of the pleadings and those materials are not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

II.     Application

Defendant argues that dismissal is appropriate where, even accepting plaintiff's allegations as true, her claim fails as a matter of law (Docket No. 10, Def. Memo. at 1, citing Wojchowski v. Daines, 498 F.3d 99, 106 (2d Cir. 2007)). But both parties here introduced materials beyond the four corners of the Amended Complaint, such as the correspondence

between them regarding plaintiff's applications for assistance, the regulations at issue, and raise questions of fact (on plaintiff's eligibility) that cannot be resolved on a motion to dismiss based solely upon the four corners of plaintiff's Complaint. Therefore, under Rule 12(d), this motion is **converted** into a motion for summary judgment under Rule 56 and, as such, the parties are to present all the material that is pertinent to that motion, including statement of facts with citations to evidence in admissible form to support the factual contention, opposing statement, and appendix of all cited evidence, pursuant to this Court's Local Civil Rules, see W.D.N.Y. Loc. Civ. R. 56(a)(1), (2), (3), (4), and formal notice to plaintiff as a pro se party under W.D.N.Y. Loc. Civ. R. 56(b) of the effect of the failure of her to respond to this converted motion. As a Rule 56 motion, plaintiff responding to it may note if facts are unavailable to her to respond to that motion, Fed. R. Civ. P. 56(d). The schedule for filing this motion and responding papers is below.

## CONCLUSION

Based upon the above, defendant's motion to dismiss (Docket No. 10) is **converted into a motion for summary judgment** pursuant to Federal Rule of Civil Procedure 12(d). Motion papers from defendant as described above are due **December 12, 2012**; plaintiff's response (also as described above) is due **January 11, 2013**; any reply by defendant is due **January 25, 2013**, and this motion will be deemed submitted, without oral argument (unless review of the new motion papers warrants oral argument) on **January 25, 2013**.

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
　　　　November 5, 2012